# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Antonio Gandarvilla Angulo,
Petitioner
-vs-
Charles L. Ryan, *et al.*,
Respondents.

CV-14-2047-PHX-GMS (JFM)

**Report & Recommendation
on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Kingman, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 15, 2014 (Doc. 1).  On December 5, 2014, Respondents filed their Response (Doc.  8).   Petitioner filed a Reply on December 15, 2014 (Doc. 9).

The Petitioner's Petition is now ripe for consideration.    Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On December 4, 2007, Petitioner was indicted (Exhibit B) in Maricopa County Superior Court case number CR2007-119913 on two counts of aggravated DUI arising out of events on  March 27, 2007 (the "March case").   (Exhibits to the Answer, Doc. 8, are referenced herein as "Exhibit ___.")    Then, on December 6, 2007, Petitioner was indicted (Exhibit C) in the same court on two more counts of aggravated DUI in case

1

number CR2007-008989, arising out of events on September 8, 2007 (the "September case").   The state filed Allegations of Historical Prior Convictions in each of the two cases, asserting in each case that the other case would be a historical prior if Petitioner was ultimately convicted.   (Exhibit D.)   The state also filed Allegations of Historical Priors, listing five separate convictions from 1992, 1993 and 2000 on charges of DUI, and drug paraphernalia.  (*Id.*)

On April 3, 2008, Petitioner entered a plea of guilty to the charges in both cases. (Exhibit E., M.E. 4/3/08 and M.E. 4/3/08.) There was no plea agreement.  (Exhibit H, R.T. 4/3/08 at 7.)

The matter was set for a consolidated sentencing hearing.   On May 7, 2008, Petitioner admitted the five prior convictions, and to being on release at the time of the offense in the March case.   (Exhibit F, M.E. 5/7/08.)   Petitioner was sentenced to aggravated sentences of 15 years on both counts in the March case, and aggravated sentences of 17 years on both counts in the March case, all to run concurrently.  (Exhibit G, Sentence in March case; Sentence in September case.)    Consequently, Petitioner is serving an effective 17 year sentence.

## B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2; Reply, Doc. 9 at 4.)

Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** – On July 28, 2008, Petitioner filed a Notice of Post-Conviction Relief ("PCR") in both cases (Exhibit J).  Counsel was appointed (Exhibit K, Order 8/4/08), but ultimately filed a Notice of Completion of Review (Exhibit L) evidencing an inability to find an issue for review.  Petitioner was granted leave to file a

1    *pro per* petition.  (Exhibit M, Order 1/12/09.)

2        Petitioner subsequently moved for an extension of time to file his *pro per* petition,

3 which was granted, giving him through April 2, 2009.   (Exhibit N, M.E. 3/9/9.)

4 Petitioner had not filed his PCR petition by June 15, 2009, and the PCR court dismissed

5 the proceeding.  (Exhibit O, Order 6/15/09.)

6        In the interim, on or about March 26, 2009Petitioner moved for reconsideration

7 (Exhibit P) of the order granting Petitioner the extension through April 2, 2009.  That

8 motion was denied on February 18, 2010. (Exhibit Q, M.E. 2/18/10.)

9        **Second PCR Proceeding** – On January 20, 2011, Petitioner filed his second

10 Notice of Post-Conviction Relief (Exhibit R).  Counsel was again appointed (Exhibit S,

11 Order 1/31/11), but ultimately filed a Notice of Completion of Review (Exhibit T)

12 evidencing an inability to find an issue for review.  Petitioner then filed his *pro per* PCR

13 petition (Exhibit X) arguing newly discovered evidence, *i.e.* that his original appointed

14 counsel had not been provided proper notice, resulting in the appointment of a different

15 public defender.

16        The state moved to dismiss (Exhibit V) the petition for failure to include a

17 required certification.  The PCR court struck the original petition, and set a deadline for

18 an amended petition.  (Exhibit W, M.E. 4/13/12.)

19        Petitioner then filed his amended PCR Petition (Exhibit X) raising claims of

20 ineffective assistance of trial counsel based upon the failure to object to reliance on his

21 prior convictions when he had agreed to plead based on a representation that his offenses

22 were "non-repetitive."   Petitioner further argued that his failure to file a timely PCR

23 petition of right was not his fault, but caused by his being transferred to a prison in

24 Oklahoma, and the failure of newly retained counsel to file the petition.

25        On July 30, 2012, the PCR court dismissed the petition on the basis that the it was

26 untimely. (Exhibit AA, M.E. 7/30/12.)

27        On September 19, 2012, Petitioner filed a Petition for Review (Exhibit BB),

28 raising the claims asserted to the PCR court and adding claims of an illegal sentence, and

arguing that PCR counsel had been ineffective.  The Arizona Court of Appeals granted review but denied relief, finding that the new claims could not be raised in a petition for review, the ineffective assistance of trial counsel claim was precluded for failure to raise it in his first PCR proceeding, and his claim based on the untimely petition was not a cognizable basis for post-conviction relief.  (Exhibit DD, Mem. Dec.)

Petitioner then sought review from the Arizona Supreme Court (Exhibit EE), which was summarily denied on May 29, 2014 (Exhibit FF).

## D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 15, 2014 (Doc. 1).   The Petition is dated September 5, 2014, but contains no certificate of service. The postage stamp on the envelope indicates mailing on September 11, 2014.   Petitioner's Petition asserts a single ground for relief: trial counsel was ineffective for advising Petitioner that he would be sentenced to no more than 12 years if he pled guilty.  (Order 10/24/14, Doc. 3 at 1.)

**Response** - On December 5, 2014, Respondents filed their Response ("Limited Answer") (Doc. 8).  Respondents argue that the Petition is untimely and Petitioner's state remedies on his claim are procedurally defaulted.

**Reply** - On December 15, 2014, Petitioner filed a Reply (Doc. 9).   Liberally construed, *see Zichko v. Idaho*, 247 F.3d 1015 (9th Cir. 2001), Petitioner's Reply argues that: (1) *Martinez v. Ryan* applies to pleading defendants; (2) *Martinez* does not require exhaustion of state remedies; (3) *Missouri v. Frye* and *Lafler v. Cooper* preserve the right of a pleading defendant to assert claims of ineffective assistance; (4) Petitioner was prejudiced when he pled guilty as a result of improper advice; (5) Arizona's of-right PCR proceeding for pleading defendants is the equivalent of a direct appeal; (6) the PCR court's failure to conduct an evidentiary hearing precluded development of a record on his claim; (7) such summary dismissals are the norm, precluding review of the claims;

4

and (8) *Strickland* does not apply to PCR counsel.  Petitioner further argues the merits of his claim, and that any failure to exhaust should be excused under *Martinez* due to ineffective assistance of PCR counsel.

### III. APPLICATION OF LAW TO FACTS

#### A.  TIMELINESS

#### 1.  One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

#### 2.  Commencement of Limitations Period

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32.  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)."  *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of

---

[1]  Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner's first PCR petition was brought within 90 days of his conviction, and was thus an of-right PCR proceeding, the equivalent of direct appeal. Petitioner had not filed his PCR petition by June 15, 2009, and the PCR court dismissed the proceeding. (Exhibit O, Order 6/15/09.)  That Order was not filed until June 16, 2009.  Because it does not alter the outcome, the undersigned treats that matter as pending through that at least that later date.  Accordingly, that PCR proceeding remained pending at least through June 16, 2009.

Under Arizona Rule of Criminal Procedure 32.9(a) Petitioner had fifteen days thereafter to move for a rehearing on his Petition.  Here, Petitioner did not seek such a rehearing.

Petitioner had previously (on March 26, 2009) moved for reconsideration (Exhibit P) of the order granting Petitioner the extension through April 2, 2009 to file his PCR petition.  He did not, however, seek reconsideration of or a rehearing of the dismissal of his Petition.  Accordingly, contrary to the position of Respondents' Answer (Doc. 8 at 9), the undersigned does not find Petitioner's PCR proceeding to have continued through a ruling on that motion for reconsideration in February, 2010.

Under Arizona Rule of Criminal Procedure 32.9(c), Petitioner had thirty days after the dismissal of his petition to seek review in the Arizona Court of Appeals.  The PCR court's order was mailed, and there is nothing to suggest that Petitioner had been given notice on the date of issuance (e.g. by being present during an in-court ruling).  Therefore, under Arizona Rule of Criminal Procedure 1.3, Petitioner had an additional five days from the mailing of the PCR court's order to seek such review.  *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978).  Thus, Petitioner had through July 21, 2009 to seek review by the Arizona Court of Appeals.  Petitioner did not seek such review.  Accordingly, his time for "direct review" expired on that date, and his conviction became final as of that date, and his one year began to run thereafter.

1    Therefore, Petitioner's one year began running on July 22, 2009, and without any

2    tolling expired on July 21, 2010.

3    Petitioner's federal habeas Petition (Doc. 1) was filed on September 15, 2014.

4    However, under the federal prison mailbox rule, "[a] petition is considered to be filed on

5    the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*,

6    620 F.3d 952, 958 (9th Cir. 2010).   Here, Petitioner's Petition was dated September 5,

7    2014. The envelope in which it arrived at the Court (Doc. 1-1) reflects mailing from the

8    Arizona State Prison Complex in Kingman, Arizona.   Because it does not alter the

9    outcome, the undersigned assumes for purposes of this Report & Recommendation that

10   Petitioner's petition was delivered to prison officials for mailing on September 5, 2014.

11   Based on that assumption, Petitioner's federal habeas petition was over four years

12   delinquent.

13   **New Rule** – Petitioner does rely upon various recent decisions by the U.S.

14   Supreme Court, including on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Lafler v. Cooper*,

15   132 S.Ct. 1376, 1385 (2012); and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

16   The habeas limitations statute provides a later commencement date of "the date on

17   which the constitutional right asserted was initially recognized by the Supreme Court, if

18   the right has been newly recognized by the Supreme Court and made retroactively

19   applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

20   However, none of these cases announced a new rule of constitutional law.  *See*

21   *Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012) ("*Martinez*…did not

22   announce a new rule of constitutional law"); *Id.* at 1140 ("neither *Frye* nor

23   *Lafler*…decided a new rule of constitutional law").

24   Moreover, even assuming they established a new constitutional right, §

25   2244(d)(1)(C) requires that such a new right be made "retroactively applicable to cases

26   on collateral review."  Petitioner points to no decision making these cases retroactively

27   applicable.  The undersigned knows of none.

28   Thus, Petitioner's claim in his Petition is not founded on a constitutional right

7

within the purview of 28 U.S.C. § 2244(d)(1)(D), and the finality of his conviction remains the proper commencement date for his habeas limitations period.

### 3.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This provision only applies to state proceedings, not to federal proceedings.  *Duncan v. Walker*, 533 U.S. 167 (2001).

Petitioner's limitations period commenced running on July 22, 2009 upon conclusion of Petitioner's first PCR proceeding, and expired on July 21, 2010. Petitioner's second PCR proceeding was commenced on January 20, 2011, when Petitioner filed his second Notice of Post-Conviction Relief (Exhibit R).  This was some six months after his habeas limitations period expired.   Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).    Consequently, Petitioner's habeas petition was over four years delinquent.

### 4.  Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

8

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).  Petitioner bears the burden of proof on the existence of cause for equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not explicitly proffer any grounds for equitable tolling, and the undersigned finds none.

**Ineffectiveness of PCR Counsel** - Petitioner does complain that PCR counsel failed to file a petition in his PCR proceeding.  (Petition, Doc. 1 at 11.)  Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001).  A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' "  *Holland v. Florida*, 560 U.S. 631, 651-652 (2010). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances.  *Id.*

In *Holland*, the Court considered the potential for a finding of extraordinary circumstances where counsel misinformed petitioner about the habeas filing deadline, failed to communicate the conclusion of state appeals, and failed to communicate with petitioner at all over a period of years, all despite repeated requests by petitioner.

Here, Petitioner does not assert that he was represented by PCR counsel with respect to his federal habeas petition.

Nor does he assert the kind of silent abandonment at issue in *Holland*.  At best, Petitioner asserts that his state PCR counsel determined there were no viable claims in the state proceeding, and arranged for Petitioner to be able to assert *pro per* whatever

claims Petitioner thought should have been brought.  Rather than abandoning Petitioner, state PCR counsel proceeded in the proper manner for an appointed attorney, who bears a duty of candor to the courts to not pursue frivolous claims and who is faced with a case in which he finds no non-frivolous grounds for relief.  *See Anders v. State of California,* 386 U.S. 738 (1967).

Accordingly, any ineffectiveness of Petitioner's PCR counsel is irrelevant to the untimeliness of this federal habeas petition.

***Pro Se* Status** - Petitioner also complains that at various times he was dependent upon a jailhouse lawyer.  (Petition, Doc. 1, Memorandum at 2.)  "It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert,*  465 F.3d 964, 970 (9th Cir. 2006).  A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).   *See also Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**Inapplicable Cases** - Petitioner does mount various arguments based on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012); and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).  Petitioner seems to suggest that these cases permit this Court to address the merits of his claims.

The Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) dealt with cause to excuse a procedural default, and is inapplicable to an equitable tolling analysis.  In *Martinez*, the Court held that ineffective assistance of PCR counsel in failing to bring a claim of ineffective assistance of trial counsel could, in some circumstances, constitute cause to excuse a procedural default and failure to properly exhaust such a claim.  *Martinez* was founded upon the recognition that in many states a PCR proceeding was the first opportunity to assert a claim of ineffectiveness of trial counsel, and thus despite the existence of a constitutional right to PCR counsel the ineffectiveness of such counsel could justify a failure to exhaust state remedies on such a

claim.  Here, Petitioner is not being faulted for failing to exhaust his state remedies, but for filing too late.  The issue is not whether Petitioner properly exhausted his state remedies, but whether extraordinary circumstances precluded him from filing a timely federal habeas petition.  A petitioner may be dependent upon PCR counsel to exhaust his state remedies on such a claim, but is not dependent upon PCR counsel for filing a timely federal petition.

And, while Petitioner was required to exhaust his state remedies, the failing of PCR counsel did not preclude a timely habeas filing. Indeed, in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court analyzed the potential catch-22 between the habeas limitations period and the exhaustion requirement, where a state petitioner has filed a state post-conviction relief proceeding which may ultimately be deemed untimely, thus not properly filed, and resulting in the expiration of his habeas limitations period. "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  *Id.* at 416. Petitioner proffers no reason why this avenue was not available to him.

Moreover, Petitioner's limitations period did not begin to run until after his first PCR proceeding was concluded, and expired before his second PCR proceeding was commenced.  Accordingly, Petitioner was not represented by PCR counsel at the time his statute of limitations was running.

Similarly, *Lafler* and *Frye* have no application to this Court's timeliness analysis. These cases stand for the proposition that a defendant who rejects a plea offer and proceeds to trial based on ineffective assistance of counsel may assert such ineffectiveness as a ground for relief from an unfavorable result at trial.  Here, Petitioner did not proceed to trial, but pled guilty. Moreover, *Lafler* and *Frye* did not establish any basis for equitable tolling of the habeas limitations period.

/ /

/ /

**5.  Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence."  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013).   To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.*  at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding.


**6.  Summary re Statute of Limitations**

Petitioner's one year habeas limitations period commenced running no later than July 22, 2009, and expired no later than July 21, 2010, making his September, 2014 habeas Petition over four years delinquent.  Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay.  Consequently, the Petition must be dismissed with prejudice.


**B.  OTHER DEFENSES**

Respondents also argue that Petitioner's claims are procedurally defaulted. Because the undersigned finds the petition plainly barred by the habeas statute of limitations, these other defenses are not reached.


### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

12

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the procedural ruling is correct.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 15, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.


## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 11, 2015

14-2047r RR 15 02 06 on HC.docx

James F. Metcalf
United States Magistrate Judge

14