# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Gandarvilla Angulo, | No. CV-14-2047-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court are Petitioner Antonio Gandarvilla Angulo's Petition for Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R"), which recommends that the Court deny the Motion. (Doc. 10.) Because Petitioner filed timely objections to the R&R, the Court will review the Petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For the following reasons, the Court adopts the R&R and denies the Petition.

## BACKGROUND

In December 2007, Petitioner was indicted in separate actions in Maricopa County Superior Court on charges of Aggravated Driving Under the Influence (Case Nos. CR2007-119913 and CR2007-008989). On April 3, 2008, Petitioner entered a plea of guilty. There was no plea agreement. Petitioner was sentenced to fifteen years for the charges in the first case and seventeen years for the charges in the second, to run concurrently.

/ / /

Petitioner unsuccessfully sought relief through post-conviction proceedings in state court in July 2008 and, again, in January 2011. Petitioner commenced the instant action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 15, 2014. (Doc. 1.) The ground for his petition is that his state trial counsel was ineffective for advising Petitioner that he would be sentenced to no more than twelve years if he pled guilty. Respondents argue that the Petition is untimely and Petitioner's state remedies have been procedurally defaulted. Judge Metcalf issued an R&R on February 11, 2015 in which he recommended denial of the Petition with prejudice. (Doc. 10.) Petitioner filed objections to the R&R on March 02, 2015. (Doc. 11.)

## DISCUSSION

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq*. Congress provided a one-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging convictions and sentences rendered by state courts. *Id.* § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

The one-year statute of limitations on habeas petitions begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). For an Arizona, non-capital, pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Arizona Rule of Criminal Procedure 32. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). To bring an of-right proceeding under Rule 32, a pleading defendant must file a notice of his intent to file a Petition for Post-Conviction Review within ninety days of conviction and sentencing. *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)).

///

Petitioner's first post-sentence collateral relief proceeding concluded on June 16, 2009.[1] Petitioner had 30 days after this date, plus five days for mailing, to seek review by the Arizona Court of Appeals. *See State v. Savage,* 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Ariz. R. Crim. P. 1.3 (add five days after service by mail) to deadline for motion of rehearing under Ariz. R. Crim. P. 32.9(c)). Therefore, Petitioner had until July 21, 2009 to file a petition for review. Petitioner did not, and his time for "direct review" expired on that date and his 2008 convictions became final. Barring any applicable tolling, Petitioner's limitations period would have expired one year later on July 22, 2010.

Petitioner's federal habeas Petition was not filed until September 15, 2014, and is, therefore, untimely. Petitioner has shown no basis for statutory tolling under 28 U.S.C. § 2244(d)(2). Moreover, the Petition does not rely on a new rule of constitutional law made retroactive to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C), nor has Petitioner presented evidence of "extraordinary circumstances" justifying the application of equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Petitioner's pro se status and his ineffective assistance of counsel claim are irrelevant to the untimeliness of the instant petition, the latter because Petitioner's IAC challenge solely involves conduct relating to the state court proceedings. Finally, Petitioner makes no claim of actual innocence that might warrant departure from the ordinary statute of limitations.

Petitioner's reliance on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), is unavailing because *Martinez* does not excuse untimeliness. In *Martinez,* the Supreme Court recognized a narrow means by which a prisoner can show "cause" to excuse a state procedural default based upon alleged IAC at trial by creating a narrow exception to the well-established rule in *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), that errors committed by an attorney who is not constitutionally guaranteed to the defendant do not establish cause. *See id.* at 1315. Under *Martinez,* a petitioner may establish cause for the

---

[1] The Court dismissed the Rule 32 proceeding on June 15, 2009 after Defendant failed to file a Petition for Post-Conviction Relief. (Doc. 8, Ex. O.) The Order dismissing the proceeding was not filed until June 16. (*See id*.) Because it does not alter the outcome, the Court treats the matter as pending through June 16.

procedural default of a claim of IAC by demonstrating two things: (1) "counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)"; and (2) "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S.Ct. at 1318). However, *Martinez* does not address or create an exception to the AEDPA statute of limitations. Federal courts have consistently rejected the argument that *Martinez* provides relief for time-barred petitions in the form of equitable tolling of the statute of limitations. *See Chavez v. Sec'y, Fla. Dep't Corr.*, 742 F.3d 940, 945 (11th Cir. 2014) ("Chavez's initial § 2254 petition was dismissed as untimely because it was filed more than one year after his convictions became final on direct review, see 28 U.S.C. § 2244(d)(1)(A), and nothing in *Martinez* alters that fact."); *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend statute of limitations period under 28 U.S.C. § 2244(d)(1)(B); *see also White v. Martel,* 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations). Consequently, the Petition must be dismissed because it is time barred.

## CONCLUSION

Because the Court finds the Petition barred by the statute of limitations, it does not address the issues of IAC and procedural default.

**IT IS THEREFORE ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 10) is **ACCEPTED** and Petitioner Angulo's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

1  **IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED TO TERMINATE** this action and enter judgment accordingly.

Dated this 6th day of May, 2015.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge